UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 16, 2022

Theodore A. Melanson, Esq.
Mignini, Raab, Demuth & Murahari, LLP
606 Baltimore Avenue, Suite 100
Towson, MD 21204

Lindsay N. Norris, Esq.
Social Security Administration
Altmeyer Building, Room 617
6401 Security Blvd.
Baltimore, MD 21235

Subject: Raymond L. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-21-616

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 5), are plaintiff's Motion for Summary Judgment ("plaintiff's Motion") (ECF No. 18), defendant's Motion for Summary Judgment ("defendant's Motion") (ECF No. 19), and plaintiff's Response to defendant's Motion for Summary Judgment ("plaintiff's Reply") (ECF No. 20). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, plaintiff's Motion (ECF No. 18) is denied and defendant's Motion (ECF No. 19) is granted.

### I.   Background

On March 19, 2019, plaintiff filed a Title II application for a period of disability and disability insurance benefits, and on June 27, 2019, plaintiff filed a Title XVI claim for supplemental security income, alleging disability beginning on October 14, 2014. (R. at 189-202). Plaintiff later amended his disability onset date to January 1, 2019. (R. at 12, 39). His claims were initially denied on May 16, 2019 (R. at 107-10), and on reconsideration on October 4, 2019 (R. at 112-14). After a hearing held on June 25, 2020, an Administrative Law Judge ("ALJ") issued a decision on July 10, 2020, denying benefits based on a determination that plaintiff was not disabled. (R. at 9-26). The Appeals Council denied plaintiff's request for review on December 17, 2020, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1-5). Plaintiff challenges the Commissioner's decision on the grounds that: 1) the ALJ failed to follow the "special technique" process at step two; and 2) the ALJ failed to properly evaluate whether plaintiff's impairments met the requirements of Listing 1.04A.

### II.   Discussion

The undersigned first addresses plaintiff's argument regarding the ALJ's failure to follow the "special technique" process pursuant to 20 C.F.R. §§ 404.1520a, 416.920a. (ECF No. 18-2 at

Case 1:21-cv-00616-BPG   Document 21   Filed 03/17/22   Page 2 of 5

Raymond L. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration
Civil No.: BPG-21-616
March 16, 2022
Page 2

24-29). In evaluating the severity of mental impairments, the ALJ must use a "special technique," which requires separate evaluations on a five-point scale of how the plaintiff's mental impairment impacts four functional areas: "understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ must incorporate the results of the evaluations in each functional area into the ALJ's findings and conclusions. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). The role of this court on review is to determine whether the ALJ applied correct legal standards and whether substantial evidence supports the ALJ's decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that which a reasoning mind would accept as sufficient to support a particular conclusion. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

Here, plaintiff argues that he was diagnosed with insomnia, which he claims is a mental impairment, and that his record indicates continued sleep disturbances. (ECF No. 18-2 at 24-29). Specifically, prior to his insomnia diagnosis, plaintiff points to medical records in which plaintiff reported intermittent sleep disturbances and sleeping only half of his normal amount due to pain. (R. at 355, 740, 771). In a function report, plaintiff complained that he had trouble falling asleep due to discomfort caused by his medical conditions. (R. at 277). Plaintiff also noted in a disability report that it was difficult to sleep and that he was losing sleep. (R. at 300, 305). Therefore, due to his insomnia diagnosis, plaintiff maintains the ALJ erred by failing to complete the special technique process. In the decision, the ALJ determined that plaintiff did not have a medically determinable mental impairment and, therefore, did not undergo the special technique process. The ALJ stated that despite plaintiff's statements that "he had trouble with memory, understanding, concentration, and getting along with others," there was "no diagnosis of a mental impairment or treatment for a mental impairment." (R. at 15).

While plaintiff maintains that he was diagnosed with and treated for insomnia, this diagnosis and treatment appears in plaintiff's very last medical record. (R. at 788-90). Plaintiff was prescribed trazodone, but the record offers no further explanation about why plaintiff was diagnosed with insomnia and no summary of any complaints from plaintiff regarding insomnia or sleep issues. (Id.) "[A] physical or mental impairment must be established by objective medical evidence from an acceptable medical source. We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521. Therefore, plaintiff's insomnia diagnosis alone, without any supporting medical evidence as to why plaintiff was diagnosed with or treated for insomnia, cannot establish the existence of an impairment. The other records regarding plaintiff's sleep disturbances do not support a diagnosis of insomnia, as several of the records state that plaintiff's lack of sleep was due to his other medical conditions, rather than a separate mental impairment. Accordingly, plaintiff failed to produce "evidence sufficient to establish the existence of an impairment and its resulting functional limitations." Davis v. Comm'r of Soc. Sec., No. SAG-11-2779, 2013 WL 153594, at *2 (D. Md. Jan. 14, 2013) (citing 20 C.F.R. §§ 404.1512(c), 416.912(c); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir.1995)). Therefore, the ALJ was not required to undergo the special technique process at step two.

Even if plaintiff's insomnia did constitute a mental impairment, the ALJ's failure to

complete the special technique process in this case amounts to harmless error. The Fourth Circuit stated that an ALJ's failure to document application of the special technique may be harmless error. Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 662 (4th Cir. 2017). Even if plaintiff's insomnia is considered a mental impairment, plaintiff has failed to meet his burden to show that this impairment is severe and significantly limits his ability to do basic work activities. Additionally, plaintiff failed to identify insomnia as an impairment at any step prior to his appeal to this court, unlike other cases in which this court determined that remand was necessary because the ALJ failed to complete the special technique process for an impairment claimed by the plaintiff. See Sandra C. v. Kijakazi, No. TJS-20-3065, 2021 WL 5937069, at *2 (D. Md. Nov. 23, 2021) ("The ALJ was on notice that [plaintiff] claimed her insomnia constituted a mental impairment that interfered with her ability to perform work."). Therefore, the ALJ's failure to follow the special technique process amounts to harmless error and remand is not warranted on this issue.

Next, plaintiff argues that the ALJ incorrectly stated, while discussing Listing 1.04A at step three, that plaintiff's record did not contain the necessary findings to meet this Listing. (ECF No. 18-2 at 18-23). Step three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a). Listing 1.04 covers disorders of the spine "resulting in compression of a nerve root or the spinal cord." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. Listing 1.04 also requires the satisfaction of one of three additional requirements identified as Requirements A–C. Id. Requirement A requires "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . ." Id. § 1.04A.

In this case, the ALJ found that plaintiff had a severe impairment of degenerative disc disease, along with other severe impairments, at step two. (R. at 14). At step three, the ALJ opined that plaintiff nevertheless failed to meet the requirements for Listing 1.04 because plaintiff "does not have: compromise of a nerve root or spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, if there is involvement of the lower back, positive straight leg raising test (sitting and supine)." (R. at 16).

Plaintiff argues that the record "amply documents each requirement of Listing 1.04A throughout at least a continuous 12-month period." (ECF No. 18-2 at 22). While plaintiff correctly states that the ALJ discussed plaintiff's radiculopathy (which could indicate nerve root compression), "reduced and painful lumbar range of motion, positive bilateral straight leg raising, [and] reduced bilateral lower extremity and core strength" in plaintiff's RFC, plaintiff points to no evidence of motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. (R. at 18). Plaintiff cites to medical records that indicate

<u>Raymond L. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-21-616
March 16, 2022
Page 4

evidence either of motor loss/motor weakness <u>or</u> sensory or reflex loss, but not both. For example, plaintiff cites to a record in which plaintiff exhibited diminished sensation but no motor loss/muscle weakness. (R. at 475-76). Plaintiff also cites to a record indicating motor loss/muscle weakness but no sensory or reflex loss. (R. at 744-45). Finally, plaintiff points to a record in which plaintiff reported paresthesia[1] and exhibited motor loss/muscle weakness, but plaintiff's paresthesia evidence consists only of plaintiff's self-reported symptoms and self-reported medical history. (R. at 760-61). "[P]hysical findings must be determined on the basis of objective observation during the examination and not simply a report of the individual's allegation; e.g., 'He says his leg is weak, numb.'" 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.00D. Therefore, plaintiff's report of paresthesia is not sufficient because it is not based on objective observation during an examination.

Regarding the Listing 1.04A requirement that plaintiff exhibit motor loss accompanied by sensory or reflex loss, plaintiff maintains that, pursuant to Acquiescence Ruling ("AR") 15-1(4), plaintiff's motor loss and sensory and/or reflex loss must occur within a 12-month period rather than simultaneously. (ECF No. 20 at 3). This Ruling states that a plaintiff meets the requirements of Listing 1.04A if "all of the medical criteria . . . are present within a continuous 12-month period." AR 15-1(4), 2015 WL 5564523, at *57420 (Sept. 23, 2015). The ruling sets forth what are considered the "medical criteria" of Listing 1.04A: "(1) Neuro-anatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss, and, (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." <u>Id.</u> Motor loss accompanied by sensory or reflex loss is listed as a single medical criterion. Therefore, this combination of symptoms (motor loss along with sensory or reflex loss) is necessary in order for plaintiff to establish this medical criterion. Additionally, the plain language of this criterion, and the Listing 1.04A requirements, clearly state that motor loss must be *accompanied* by sensory or reflex loss. "Accompany" is defined as "[t]o be present or occur at the same time as." <u>Accompany</u>, Oxford English Dictionary, https://www.oed.com/view/Entry/1145?redirectedFrom=accompany#eid. As discussed above, plaintiff fails to establish motor loss that was present or occurred at the same time as either sensory or reflex loss. Accordingly, plaintiff has failed to present evidence of this Listing 1.04A medical criterion and, therefore, remand is not warranted.[2]

**III.   <u>Conclusion</u>**

For the reasons stated above, plaintiff's Motion (ECF No. 18) is DENIED and defendant's Motion (ECF No. 19) is GRANTED.

---

[1] "Paresthesia refers to a burning or prickling sensation that is usually felt in the hands, arms, legs, or feet, but can also occur in other parts of the body." <u>Paresthesia Information Page</u>, Nat'l Institute of Neurological Disorders and Stroke (Mar. 27, 2019), https://www.ninds.nih.gov/Disorders/All-Disorders/Paresthesia-Information-Page.

[2] Due to plaintiff's failure to present evidence of motor loss accompanied by sensory or reflex loss, the court need not reach plaintiff's argument regarding the positive straight leg raising test, as plaintiff is unable to meet the Listing 1.04A requirements.

<u>Raymond L. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration</u>
Civil No.: BPG-21-616
March 16, 2022
Page 5

      Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                                          Very truly yours,

                                                     /s/
                                          Beth P. Gesner
                                          Chief United States Magistrate Judge